FILED

JAN 1 4 2022

DOUGLAS T. SHIMA
CLERK OF APPELLATE COURTS

## IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,109

In the Matter of JAMES D. SWEET,
*Respondent*.

## ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed January 14, 2022. Disbarment.

*Kathleen Selzler Lippert*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

No appearance by respondent.

PER CURIAM:  This is an uncontested attorney discipline proceeding against James D. Sweet, of Salina. Respondent was admitted to the practice of law in Kansas in 1994.

On October 15, 2020, the Office of the Disciplinary Administrator filed a formal complaint against respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). A copy of the Complaint and Notice of Hearing for December 15, 2020 was sent to respondent. By email, respondent was notified of a preliminary hearing set for November 10, 2020.

Respondent failed to appear for the preliminary hearing, at which time the hearing panel held that the formal hearing would be held by Zoom videoconference.

On December 15, 2020, a hearing was held on the formal complaint before a panel of the Kansas Board for Discipline of Attorneys. Respondent failed to appear. Based upon an examination of the record and applicable rules, the hearing panel determined that

1

proper service was obtained on respondent and the final hearing proceeded in his absence. The hearing panel determined he violated KRPC 1.1 (competence) (2021 Kan. S. Ct. R. 321), KRPC 1.2 (scope of representation) (2021 Kan. S. Ct. R. 323), KRPC 1.3 (diligence) (2021 Kan. S. Ct. R. 325), KRPC 1.4 (communication) (2021 Kan. S. Ct. R. 326), KRPC 1.16 (terminating representation) (2021 Kan. S. Ct. R. 372), KRPC 3.2 (expediting litigation) (2021 Kan. S. Ct. R. 384), KRPC 8.1 (cooperation) (2021 Kan. S. Ct. R. 424), KRPC 8.4 (professional misconduct) (2021 Kan. S. Ct. R. 427), and former Rule 207 (cooperation) (2020 Kan. S. Ct. R. 246).

After the hearing, the panel made findings of fact, conclusions of law, and a recommendation for discipline. Respondent took no exceptions to the panel's report. The office of the Disciplinary Administrator endorses the report and originally recommended disbarment. After oral argument before this court, the Deputy Disciplinary Administrator recommended either disbarment or indefinite suspension.

More specifically, the panel made the following findings, conclusions, and recommendations:

*"Findings of Fact*

. . . .

"7.     The hearing panel finds the following facts, by clear and convincing evidence:

*"Representation of E.G.*

"8.     E.G. and his business were sued in Saline County District Court. The plaintiff properly served E.G. Unfortunately, E.G.'s liability insurance carrier refused to provide representation and denied coverage for E.G. Thereafter, E.G. failed to answer. On May 18, 2017, the plaintiff filed a motion for default judgment and served E.G. with the motion.

2

"9.     On May 22, 2017, E.G. hired the respondent to defend him in the pending case. E.G. paid the respondent $2,000 for the representation. The respondent did not immediately enter his appearance.

"10.     The court scheduled a hearing on the motion for default judgment for June 26, 2017. The plaintiff served E.G. with notice of a hearing on the motion. On June 26, 2017, E.G. appeared at the hearing, but the respondent did not. E.G. informed the court that he hired the respondent to defend him. The district court continued the hearing on the motion for default judgment. That same day, the respondent entered his appearance on behalf of E.G.

"11.     The district court rescheduled the hearing on the motion for default judgment to July 17, 2017. The plaintiff provided the respondent with notice of the hearing. The respondent did not inform E.G. of the hearing date and the respondent did not appear at the hearing. The district court again, continued the hearing on the motion for default judgment.

"12.     The district court rescheduled the hearing on the motion for default judgment to August 14, 2017. Again, the plaintiff sent the respondent notice of the hearing. The respondent, again, did not inform E.G. of the hearing date and the respondent did not appear at the hearing. The district court rescheduled the hearing on the motion for default judgment.

"13.     The district court rescheduled the hearing on the motion for default judgment to September 11, 2017. Once again, the plaintiff provided notice to the respondent. And, once again, the respondent did not inform E.G. of the hearing date and the respondent did not appear at the hearing.

"14.     On September 11, 2017, the respondent filed a motion for leave to file an answer out-of-time. The respondent's motion for leave to file an answer out of time did not include a reason for the motion. That same day, the court denied the motion for leave to file an answer out of time and granted the plaintiff's motion for default judgment.

3

"15.    The respondent knew that the district court granted the plaintiff's motion for default judgment, as evidenced by the respondent's email message sent to plaintiff's counsel on September 18, 2017.

"16.    The respondent failed to return many phone calls from E.G.

"17.    On October 4, 2017, the district court entered judgment against E.G. and his business in the amount of $75,000. The respondent did not inform E.G. that the court entered judgment against him.

"18.    On October 16, 2017, plaintiff's counsel sent the respondent a letter offering to settle the case for $10,000. The respondent did not communicate the settlement offer to E.G.

"19.    E.G. was unaware of the $75,000 judgment until he received a letter from a collection agency seeking to enforce the judgment. E.G. reached the respondent by phone and the respondent falsely advised E.G. that default judgement had not been granted against him. The respondent assured E.G. that he would take care of the matter. The respondent took no remedial action.

"20.    Because the district court entered a $75,000 judgment against him, E.G. closed his business and filed for the protections under the bankruptcy code.

"21.    E.G. requested that the respondent provide him with a billing statement or an accounting of the $2,000 advance fee. The respondent failed to provide E.G. with a billing statement or accounting. The respondent did not refund E.G.'s retainer or make restitution to E.G. for unearned fees.

"*Disciplinary Investigation*

"22.    On April 10, 2019, E.G. filed a complaint against the respondent. On May 2, 2019, the disciplinary administrator's office sent a letter to the respondent notifying him of E.G.'s complaint and asked the respondent to provide a written response within 20 days. The respondent did not provide a written response as directed.

4

"23.    Dennis Davidson, a practicing attorney, was appointed to investigate the complaint filed by E.G. After multiple attempts, Mr. Davidson was finally able to make contact with the respondent, by telephone, in September, 2019. The respondent confirmed his contact information and informed Mr. Davidson that he was aware of E.G.'s complaint. The respondent agreed to review and respond to the complaint as soon as possible. The respondent did not provide a written response to E.G.'s complaint.

"24.    When the respondent did not provide a written response to E.G.'s complaint, Mr. Davidson again made additional attempts to contact the respondent. Mr. Davidson sent the respondent a letter, placed telephone calls, and sent email messages urging the respondent to make contact and respond to the complaint. The respondent did not respond to Mr. Davidson's many communications.

"DA13438

25.    J.M. hired the respondent to represent him in three cases. J.M. paid the respondent a total of $4,500 for the representation.

"*Case No. 2017CV0099*

"26.    On April 6, 2017, J.R.S. and A.C.R., plaintiffs, filed a petition to quiet the title of real property in which J.M. had an interest, Saline County District Court, case number 2017CV0099. On approximately May 12, 2017, the plaintiff obtained service on J.M. On May 25, 2017, D.B. filed an answer and crossclaim and/or counterclaim.

"28.    In June, 2017, J.M. hired the respondent to represent him in that case. The respondent did not immediately enter his appearance on behalf of J.M. The respondent failed to file an answer on behalf of J.M.

"28.    On July 12, 2017, the plaintiff filed a motion for default judgment. Because the respondent had not yet filed an entry of appearance, the plaintiffs served J.M. with notice of the motion. The district court scheduled a hearing on the motion for default judgment for August 21, 2017.

5

"29.    On July 19, 2017, D.B. filed a motion for default judgment and/or a motion for judgment on the pleadings and also scheduled it for hearing on August 21, 2017. Again, because the respondent had not yet entered an appearance, D.B. served J.M. with the motion.

"30.    On August 21, 2017, the respondent finally entered an appearance on behalf of J.M.

"31.    The district court continued the hearing on the motion for default judgment to September 11, 2017. The respondent did not inform J.M. of the scheduled hearing nor did he appear at the hearing.

"32.    Rather, on September 11, 2017, the respondent filed a motion for leave to file an answer out-of-time. Just like in E.G.'s case, the respondent did not include a reason for the motion to file an answer out-of-time. The district court denied the respondent's motion for leave to file an answer out-of-time and granted the plaintiff's motion for a default judgment and D.B.'s motion for default judgment.

"33.    On November 28, 2017, the plaintiffs filed a motion to determine damages. On May 22, 2018, the court heard the plaintiffs' motion. The respondent appeared at the hearing. Following the hearing, the district court ordered the parties to brief the issues. The plaintiff filed a brief regarding damages. The respondent failed to timely file a brief regarding damages on behalf of J.M., as ordered by the district court.

"34.    After subsequent hearings, the district court provided the respondent until October 18, 2018, to submit a written response to the request for damages. On November 9, 2018, the respondent filed a late response to the plaintiffs' request for damages.

"35.    The respondent failed to inform J.M. of the status or progress of the case. The respondent did not inform J.M. that the court entered judgment against him. As a result, J.M. was unaware that he no longer had a legal interest in the land. After the plaintiffs stopped making payments to J.M. for the land, J.M. contacted them. The

plaintiffs informed J.M. that the district court entered judgment against him and they were no longer required to make payments to J.M.

"36.    J.M. confronted the respondent about the default judgment. The respondent denied that default judgment had been entered against J.M. J.M. directed the respondent to return his client file to him. The respondent failed to do so. J.M. requested that the respondent provide him with an accounting to determine how much of the fee the respondent earned. Again, the respondent failed to do so.

"37.    The district court continued the hearing to determine damages a number of times. On February 18, 2020, a new attorney entered an appearance on behalf of J.M.

"*Case Number 2018CV0146*

"38.    On July 9, 2018, J.G. and LG., plaintiffs, filed a petition to quiet title against J.M., Saline County District Court case number 2018CV0146. On approximately July 24, 2018, the plaintiffs obtained service on J.M.

"39.    On August 14, 2018, the respondent entered his appearance on behalf of J.M. The respondent requested and received a clerk's extension to file an answer to the petition. On August 27, 2018, the respondent filed an answer on behalf of J.M.

"40.    The district court scheduled a hearing for September 10, 2019. The respondent did not inform J.M. of the scheduled hearing. J.M. learned of the hearing from the clerk of the district court. While J.M. appeared, the respondent failed to appear at the hearing.

"41.    Throughout the representation, J.M. requested updates from the respondent. The respondent failed to keep J.M. informed regarding the status of the case.

"42.    Eventually, J.M. retained other counsel and the case was mediated.

*"Case Number 2019CV0004*

"43.    In February, 2018, J.M. retained the respondent to file suit on behalf of J.M. against J.M.'s former employer to collect back wages. Finally, on January 7, 2019, the respondent filed the suit, Saline County District Court case number 2019CV0004.

"44.    On October 15, 2019, the district court held a case management conference. The respondent appeared on behalf of J.M. At the conclusion of the conference, the district court ordered the respondent to prepare the order. The respondent failed to do so.

"45.    On January 27, 2020, the defendant filed a motion to dismiss alleging that J.M. failed to prosecute the case. The respondent failed to respond to the motion on behalf of J.M. Prior to the hearing on the motion to dismiss, another attorney entered an appearance on behalf of J.M.

"46.    When J.M. terminated the respondent's representation, he requested that the respondent return his documents to him. The respondent never returned J.M.'s documents to him. Additionally, J.M. requested that the respondent provide him with an accounting of the fees paid. The respondent did not provide J.M. with an accounting of the fees paid by J.M.

*"Disciplinary Investigation*

"47.    On November 27, 2019, J.M. filed a complaint against the respondent. On December 4, 2019, the disciplinary administrator's office sent a letter to the respondent notifying the respondent of J.M.'s complaint and directing him to provide a written response within 20 days. The respondent did not provide a written response as directed.

"48.    Dennis Davidson, a practicing attorney, was also appointed to investigate this complaint. The respondent did not respond to Mr. Davidson's telephone calls and letter. The respondent never provided a written response to the complaint filed by J.M.

*"Conclusions of Law*

"49.     Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.1 (competence), KRPC 1.2 (scope of representation), KRPC 1.3 (diligence), KRPC 1.4 (communication), KRPC 1.16 (terminating representation), KRPC 3.2 (expediting litigation), KRPC 8.1 (cooperation), KRPC 8.4 (professional misconduct), and Supreme Court Rule 207 (duty to cooperate), as detailed below.

"50.     In addition, the disciplinary administrator alleged that the respondent violated KRPC 1.5 (fees), KRPC 1.15 (safekeeping property), and KRPC 8.5 (jurisdiction). The hearing panel concludes as a matter of law that the disciplinary administrator's office failed to establish a violation of KRPC 1.5 (fees) and KRPC 1.15 (safekeeping property). Further, KRPC 8.5 (jurisdiction) is not a provision that can be violated. Rather, that rule provides that the Kansas Supreme Court has jurisdiction for violations that occurred in different jurisdictions. As such, the hearing panel makes no conclusions regarding KRPC 1.5 (fees), KRPC 1.15 (safekeeping property), nor KRPC 8.5 (jurisdiction).

"51.     The respondent failed to appear at the hearing on the formal complaint. It is appropriate to proceed to hearing when a [*sic*] respondent fails to appear only if proper service was obtained. Former Rule 215 (2020 Kan. S. Ct. R. 261) governs service of process in this case. That rule provided, in pertinent part as follows:

'(a)     Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c)     Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.' *Id.*

The disciplinary administrator's office complied with former Rule 215(a) (2020 Kan. S. Ct. R. 261) by sending a copy of the formal complaint and the notice of hearing, via

9

certified United States mail, postage prepaid, to the address shown on the respondent's most recent registration.

"KRPC 1.1 and KRPC 1.3

"52.    Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' Also, attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The respondent failed to exercise the thoroughness reasonably necessary in his representation of E.G., and J.M. Likewise, the respondent failed to diligently represent his clients. The conduct that establishes violations of KRPC 1.1 also establishes violations of KRPC 1.3, in this case. The respondent did not timely enter his appearance on behalf of his clients, he did not timely file answers on behalf of his clients, he did not respond to motions on behalf of his clients, he did not appear in court for hearings on behalf of his clients, and he did not prepare an order following a case management conference as ordered by the district court. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.1 and KRPC 1.3.

"KRPC 1.2

"53.    Lawyers must 'abide by a client's decision whether to settle a matter.' KRPC 1.2(a). In order for that provision of KRPC 1.2(a) to have meaning, it is necessary for a client to be aware of a settlement offer. The respondent failed to inform E.G. of the $10,000 settlement offer. As such, the respondent effectively prevented E.G. from considering whether to accept the offer. Because the respondent failed to inform E.G. of the settlement offer, effectively preventing E.G. from making a decision regarding the settlement offer, the hearing panel concludes that the respondent violated KRPC 1.2(a).

"KRPC 1.4

"54.    KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter.' The respondent failed to return E.G.'s many telephone calls. Also, the respondent failed to inform E.G. and J.M. regarding the status

of their cases. The respondent failed to inform E.G. and J.M. that default judgments were entered against them. In fact, the respondent told E.G. and J.M. that the opposite was true—that default judgments had not been entered against them. Further, the respondent failed to inform E.G. of the settlement offer. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.4(a).

"KRPC 1.16(d)

"55.    KRPC 1.16 requires lawyers to take certain steps to protect clients after the representation has been terminated. Specifically, KRPC 1.16(d) provides the requirement in this regard:

> 'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.' *Id.*

The respondent violated KRPC 1.16(d) when he failed to return J.M.'s client file. The respondent also violated KRPC 1.16(d) when he failed to provide E.G. and J.M. with accountings of the fees paid and refunds of unearned fees. The hearing panel concludes that the respondent repeatedly violated KRPC 1.16(d).

"KRPC 3.2

"56.    An attorney violates KRPC 3.2 if he fails to make reasonable efforts to expedite litigation consistent with the interests of his client. The respondent caused unnecessary delay in E.G. and J.M.'s cases by repeatedly failing to appear in court. Accordingly, the hearing panel concludes that the respondent violated KRPC 3.2.

11

"KRPC 8.4(c)

"57.     'It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.' KRPC 8.4(c). The respondent engaged in conduct that involved dishonesty when he knowingly falsely informed both E.G. and J.M. that default judgment had not been entered against them in their respective cases after the district court entered default judgment again [*sic*] each of them. The hearing panel concludes that the respondent violated KRPC 8.4(c).

"KRPC 8.4(g)

"58.     'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The respondent failed to file answers on behalf of his clients resulting in default judgments being rendered against his clients. The hearing panel concludes that the respondent violated KRPC 8.4(g) by failing to file answers on behalf of his clients.

"KRPC 8.1 and Supreme Court Rule 207(b)

"59.     Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Supreme Court Rule 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(b).

> 'It shall be the duty of each member of the bar of this state to aid
> the Supreme Court, the Disciplinary Board, and the Disciplinary
> Administrator in investigations concerning complaints of misconduct,
> and to communicate to the Disciplinary Administrator any information
> he or she may have affecting such matters.'

Supreme Court Rule 207(b). The respondent knew that he was required to forward written responses to the initial complaints—he had been repeatedly instructed to do so in writing by the disciplinary administrator's office and the attorney investigator. The

12

respondent failed to do so. The hearing panel concludes that the respondent violated KRPC 8.l(b) and Supreme Court Rule 207(b).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"60.    In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"61.    Duty Violated. The respondent violated his duty to his clients to provide competent and diligent representation. The respondent also violated his duty to his clients to provide adequate communication. Finally, the respondent violated his duty to his clients, the public, and the legal profession to maintain his personal integrity.

"62.    Mental State. The respondent knowingly violated his duty.

"63.    Injury. As a result of the respondent's misconduct, the respondent caused serious potential injury to his clients.

"64.    Aggravating Factors. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present.

"65.    *Prior Disciplinary Offenses.* On January 6, 2006, the respondent entered a diversion agreement. In the diversion agreement, the respondent admitted that he violated KRPC 1.3 (diligence) and KRPC 1.4 (communication). The respondent successfully completed the diversion program and the case was dismissed. A prior diversion is considered prior discipline. *See* former Rule 203(d) (2020 Kan. S. Ct. R. 234).

13

"66.     *A Pattern of Misconduct.* The respondent has engaged in a pattern of misconduct. The respondent repeatedly failed to file answers, failed to file responses to motions, and failed to appear in court on behalf of his clients. The respondent also engaged in a pattern of providing false information to his clients by telling both E.G. and J.M. that the district court had not entered default judgment against them when he knew that the court had entered default judgment against his clients.

"67.     *Multiple Offenses.* The respondent committed multiple rule violations. The respondent violated KRPC 1.1 (competence), KRPC 1.2 (scope of representation), KRPC 1.3 (diligence), KRPC 1.4 (communication), KRPC 1.16 (termination of representation), KRPC 3.2 (expediting litigation), KRPC 8.1 (cooperation), KRPC 8.4 (professional misconduct), and former Rule 207 (2020 Kan. S. Ct. R. 246) (cooperation). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"68.     *Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process.* The respondent failed to provide written responses to the complaints in this case. The respondent failed to file an answer. The respondent failed to appear at the hearing on the formal complaint. The respondent's lack of cooperation is an aggravating factor.

"69.     Mitigating Factors. Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found no mitigating circumstances present.

"70.     Standards. In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.42    Suspension is generally appropriate when:

'(a)     a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

'(b)     a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'4.62    Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.'

"*Recommendation of the Deputy Disciplinary Administrator*

"71.    The deputy disciplinary administrator recommended that the respondent be disbarred.

"*Recommendation of the Hearing Panel*

"72.    Based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be indefinitely suspended. Additionally, the hearing panel recommends the respondent make restitution prior to being reinstated to the practice of law.

"73.    Costs are assessed against the respondent in an amount to be certified by the disciplinary administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 226(a)(1)(A) (2021 Kan. S. Ct. R. 276). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

The respondent was given adequate notice of the formal complaint, but he did not file a response. The respondent was also given adequate notice of the hearings before the

panel. He was provided a copy of the panel's final hearing report, and the respondent did not file exceptions to that report. Consequently, the panel's final hearing report is deemed admitted by respondent in its entirety. Supreme Court Rule 228(g)(1), (2) (2021 Kan. S. Ct. R. 281). The evidence supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

Respondent was ordered to appear before this court by Zoom videoconference on October 26, 2021, at 1:30 p.m., and was provided notice to appear for that hearing along with log on information for the Zoom hearing. On October 26, 2021, at 7:57 a.m., respondent filed a pleading with this court entitled "Waiver of Oral Argument," which offered no reason to indicate respondent was unable to appear remotely. This purported waiver had no legal effect, as a respondent ordered to appear before this court, as was respondent, is not able to "waive" such order. Respondent did not appear before this court for his hearing and his failure to do so constitutes an additional violation. Supreme Court Rule 228(i) (2021 Kan. S. Ct. R. 281).

The only remaining issue before us is the appropriate discipline for the respondent's violations.

The Disciplinary Administrator recommends either disbarment or indefinite suspension. The panel recommends indefinite suspension and restitution before reinstatement. The hearing panel's recommendations are advisory only and do not prevent us from imposing greater or lesser sanctions. *In re Ogunmeno,* 312 Kan. 508, 524, 476 P.3d 1162 (2020).

The respondent's actions and inaction wasted resources of the trial court and the investigators. More importantly, those things respondent did and failed to do caused great financial and emotional harm to his clients. After considering the findings, conclusions,

recommendations, and the ABA Standards for Imposing Lawyer Sanctions, we conclude that respondent is appropriately disciplined by disbarment.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that James D. Sweet be and he is hereby disbarred from the practice of law in the state of Kansas, effective on the filing of this opinion, in accordance with Supreme Court Rule 225(a)(1) (2021 Kan. S. Ct. R. 275).

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of James D. Sweet from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that Sweet comply with Supreme Court Rule 231 (2021 Kan. S. Ct. R. 286).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to Sweet and that this opinion be published in the official Kansas Reports.

A true copy ATTEST

*Douglas T. Shima*

Clerk Supreme Court